UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>   - against -<br><br>NIAGARA UNIVERSITY,<br><br>            Defendant. | **VERIFIED COMPLAINT**<br><br>Civil Action No:<br><br>Jury Trial Demanded |

PLAINTIFF, JANE DOE, by her attorneys, ODDO & BABAT, P.C., as and for her Complaint, respectfully alleges as follows:

## THE PARTIES

1. Plaintiff, JANE DOE, is an individual who resides in the State of California and County of Santa Clara. At the time of the events complained of, she was a student residing in the County of Niagara.

2. Defendant, NIAGARA UNIVERSITY ("NIAGARA"), is a private Catholic University operated by the Congregation of the Mission, and operating in the County of Niagara.

3. Defendant, NIAGARA, was and is a domestic corporation with a principal place of business located at 5795 Lewiston Road, Niagara University, New York 14109.

4. Throughout the relevant time period, one or more of the Defendant's agents, servants and or employees were responsible for hiring, retention, direction and supervision of the university staff in their role as coaches, teaching staff, mentors and counselors for students.

## STATEMENT OF THE CASE

5. Plaintiff, JANE DOE, attended NIAGARA from August 2022 to November 2022, and was a member of the Women's Swim Team at the University.

6.  This is an action for discrimination by NIAGARA on the basis of sex and in the operation of its Athletic Department. NIAGARA discriminated against the Plaintiff on the basis of sex in violation of Title IX of the Education Amendments of 1972 (20 U.S.C. §1681 *et seq.*) and the regulations adopted pursuant thereto (34 C.F.R. Part 106) (collectively "Title IX").

7.  As a Division I mid-major school, NIAGARA is a member of the National Collegiate Athletic Association (NCAA). NIAGARA sponsors a women's swim team and a diving team which compete in the Metro Atlantic Athletic Conference (MAAC). The Plaintiff earned an Athletic Scholarship to attend NIAGARA. According to Niagara's website, the average cost of attending the university is about $51,320 per year.

8.  The women's swim team did not have its own coach. During the relevant time frame, Eric Bugby ("Coach BUGBY") was the coach of the men's team and he also coached the women's team. All practices were co-ed. In addition to practicing with the men's team, the women traveled on the same bus and stayed in the same hotel during swim meets. Mandatory meetings and other activities were conducted as if the men's and women's swim teams were "one team."

9.  The manner in which the swimming program was operated resulted in a hostile environment in which the Plaintiff was subjected to rape, sexual assault, severe and pervasive sexual harassment, and bullying by members of the men's swimming team. As a direct consequence, the Plaintiff suffered psychological and emotional harm. Plaintiff has sought medical treatment and/or counseling for persistent depression and mental anguish.

10. Coach BUGBY was aware of the offensive conduct based on his presence at practices and on other occasions when it occurred. Plaintiff filed a Title IX Complaint which, to date, has been pending for over eight (8) months without resolution. Upon information and

belief, Coach BUGBY is still under contract with NIAGARA as the swimming team coach.

11. Plaintiff was also subjected to sex-based harassment by peers. Because university officials (swim coach, assistant athletic director) knew or reasonably should have known about the harassment, affirmatively created the atmosphere which allowed it to occur, and failed to take the appropriate remedial measures to prevent it, Defendant is liable for the harassment.

12. Plaintiff, JANE DOE, at all times relevant, was a female student-athlete who previously attended NIAGARA as a freshman. Plaintiff was a Section III Champion in Breast Stroke during her junior and senior years in high school. She was recruited to swim for NIAGARA. During her first year at NIAGARA, she was raped by a male teammate and thereafter subjected to sexual harassment and abuse by swim team members, as well as retaliation when she complained to the swim coach, BUGBY, about the abuse.

13. As a result of the aforementioned abuse, in November, 2022, Plaintiff, JANE DOE forfeited her swimming scholarship only three months into her freshman year and left the team. Plaintiff left NIAGARA at that time due to her emotional distress, and to avoid being continually harassed. She has sought treatment for anxiety and depression caused by the rape, sexual assault, harassment and abuse to which she was subjected. She was isolated at practices and forced to attend team functions with the perpetrator of the rape. The sexual harassment and abuse negatively affected Plaintiff's daily life on campus as her grades and classroom work declined and she became isolated socially.

14. During her time at NIAGARA, JANE DOE was subjected to rape, sexual assault, harassment and abuse, as well as retaliation when she complained to Coach BUGBY about the sexual assault perpetrated by a male member of the swim team. As a result of that treatment, and the failure of Coach BUGBY to appropriately address the pervasive culture of sexual harassment

and abuse, and retaliation in the swimming and diving programs, JANE DOE suffered from anxiety and depression, causing both her academic and athletic performance to be negatively affected, and thereafter causing her to withdraw from NIAGARA, forfeiting her scholarship.

## JURISDICTION AND VENUE

15. Plaintiff's legal claims are based on alleged violations of 20 U.S.C. §1681, *et seq.*, its interpreting regulations and Department of Education/Office of Civil Rights policies. Jurisdiction is conferred pursuant to 28 U.S.C. §1331, 1343(3) and 1343(4).

16. Jurisdiction for declaratory and other relief is invoked and pursuant to 28 U.S.C. §§2201 and 2202.

17. Venue in this action is proper pursuant to 28 U.S.C. §1391 as a substantial part of the events, acts or omissions giving rise to Plaintiff's claims occurred in this district.

18. This Court has subject matter jurisdiction.

## COUNT I: VIOLATION OF TITLE IX

### NIAGARA'S DELIBERATE INDIFFERENCE TO SEXUAL ASSAULT AND HARASSMENT OF VICTIMS OF SEXUAL ASSAULT

19. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

20. Plaintiff alleges that she (1) was a student who was (2) raped, (3) subjected to harassment (4) based upon sex; (5) that the harassment was sufficiently severe and pervasive to create an abusive educational environment, and (6) that a cognizable basis for institutional liability exists.

21. Because of their completely combined athletic, academic, and social activities and schedules, the NIAGARA swim team is one co-ed team in all regards. This has led to a culture of permissive sexual abuse and harassment. The NIAGARA swim team was previously subject

to claims of being deliberately indifferent to a pattern of sexual harassment and sexual violence toward female students since at least 2016 (*See Posso v. Niagara University*, 518 F. Supp. 3d 688, 704 (W.D.N.Y. 2021)).

22. Coach BUGBY was a school official, authorized and required to take corrective action, who had actual knowledge of the sexual assault, and either failed to act or exhibited deliberate indifference to it. Coach BUGBY failed to investigate or otherwise respond to the Plaintiff's complaint of rape and sexual assault. His deliberate indifference subjected the Plaintiff to severe emotional and psychological harm far beyond that which may have otherwise arisen from her sexual assault.

## FACTS

23. On the evening of Saturday, October 22, 2022, JANE DOE, a freshman scholarship athlete on the Niagara University Swimming and Diving team, attended a party on the NIAGARA Campus. The party was at a teammate's apartment, and from there she left with other teammates to the men's "Swim House" located on Vanderbilt Avenue.

24. JANE DOE left the men's "Swim House" in the early morning hours of Sunday, October 23, 2022, and went to another house party. She was then taken to the O'Shea Hall Dormitory in an Uber with two (2) teammates, including the perpetrator of Plaintiff's rape, "JOHN ROE". The three (3) of them went to JOHN ROE'S room located on the second floor of the O'Shea Hall Dormitory, and after some period of time, one of the teammates eventually left, leaving JANE DOE alone with JOHN ROE. JOHN ROE then began to make unwanted sexual advances toward JANE DOE.

25. JANE DOE declined JOHN ROE'S aggressive sexual advances by telling him "No" several times, but JOHN ROE physically overpowered her and took advantage of her

intoxication by raping and sexually assaulting her. After the assault, JANE DOE hastily left JOHN ROE'S room and went to the room of her friend and teammate located on the fifth floor. JANE DOE described the rape and sexual assault to her friend while remaining in a state of shock. Later in the day that Sunday, JANE DOE told three (3) other teammates what happened, and one of them took her to a pharmacy to purchase emergency contraception.

26. After two days of anguish, no sleep, inability to eat, inability to focus on her classes, stress and anxiety as a result of the rape, that same teammate took JANE DOE to a therapist located in the basement of Seton Hall on Tuesday, October 25, 2022. At approximately 3:30 P.M., after speaking with JANE DOE, Michelle Granieri, a mental health counselor and student athlete liaison at NIAGARA, advised JANE DOE to speak with Yolanda Wood, the Deputy Title IX Coordinator, at the Title IX Office. Ms. Granieri personally walked JANE DOE over to speak with Ms. Wood in the basement of O'Shea Hall. At the time, a written and recorded statement by Plaintiff was given. A "No Contact Order" was sent by the University to JOHN ROE and copied to JANE DOE via E-mail. Coach BUGBY was notified by E-mail as well.

27. NIAGARA Women's and Men's Swimming and Diving Teams are combined as one team, under one coach. Unlike almost every other NCAA Division I athletic team in the country, the men and women's team practiced together, traveled to away meets together, stayed in the same hotels, jointly held meetings and other mandatory events together, and even combined academic study halls. They are in fact one team in all respects. This has led to a culture of permissive sexual abuse. In fact, the Niagara University Swimming and Diving team was subject to claims of being deliberately indifferent to a pattern of sexual harassment and sexual violence toward female students since at least 2016 (*see Posso v. Niagara University*). It

should also be noted that at all times after JANE DOE was raped, and notice given to NIAGARA, JOHN ROE was present on campus and involved in team functions.

28. Known to NIAGARA at the time of JANE DOE'S rape was a previous Title IX claim made against JOHN ROE, by his former girlfriend and teammate. On information and belief, that abuse took place in the year prior and continued into the summer of 2022. When the former girlfriend learned about what happened to JANE DOE, she told JANE DOE, "I can't tell anyone what happened to me [with JOHN ROE] but I believe you."

29. On Wednesday, October 26, 2022, JANE DOE had her first therapy session post-rape with Michelle Granieri (mental health counselor and student athlete liaison). As a result of JANE DOE'S distraught presentation, Michelle Granieri suggested that she contact Coach BUGBY and tell him that she was not going to attend practice that day, and that there was no way she would be able to swim, as she was in too much distress to practice. JANE DOE called Coach BUGBY, at Ms. Granieri's suggestion, and asked him for the day off. Coach BUGBY had notice of the No Contact Order at the time of JANE DOE'S call. His response, in sum and substance, was "next time you have to ask me, and not tell me you will be skipping practice and "tell me in advance, don't abuse the mental health days." There was a "nursing practice" later in the day to accommodate the nursing student schedules. Feeling uncomfortable by Coach BUGBY'S comments, and feeling pressured to attend practice, JANE DOE asked him if she could attend the later nursing practice. Coach BUGBY replied, "if you need a mental health day, maybe best not to swim," but he was obviously annoyed, and told JANE DOE that she could go to the nursing practice if she wanted, which she did, as she felt pressured by BUGBY'S response. Throughout her time at NIAGARA after the rape, JANE DOE did not feel safe anywhere on the campus, including the pool, dorm and classrooms.

30. On Friday, October 28, 2022, there was a mandatory Halloween Costume Parade for the team after swim practice. Participants walked along the pool deck to show off their costumes. JANE DOE felt pressured to participate, so she did, making her feel unsafe, anxious uncomfortable and vulnerable.

31. On Saturday, October 29, 2022, JANE DOE swam in the 1000M, 500M 100BS and 100 Relay in the team's meet. She performed poorly due to not being able to focus, as she was anxious and preoccupied, worried that JOHN ROE would be there.

32. On Monday, November 7, 2022, members of the team harassed and intimidated JANE DOE, pressuring her to drop claims made against JOHN ROE. On that day, JOHN ROE was present at practice, in violation of the No Contact Order, and watched JANE DOE swim which caused her extreme emotional distress. Later that evening, at approximately 9:00 P.M., while trying to do her homework in her dorm room, JANE DOE received a call from two (2) teammates. When JANE DOE asked who else was with them, she was told that five (5) of her teammates were present, and they were "just checking on you and your new room" and to "come down here and bring your homework." JANE DOE then went to their room on the fourth floor of the O'Shea Hall Dormitory with her homework. While in the room with the five teammates, one of them said "we called you down here to talk about what happened with JOHN ROE." JANE DOE was sitting on the floor with others around her, with one teammate sitting in front of the door. This was the beginning of multiple hours of interrogation, accusations, harassment and intimidation by her teammates. They pressured and intimidated JANE DOE, telling her to "shut up about this ... just say it was a bad hookup ... this will be messy for you." This is just a sample of some of the intimidating and threatening language that was used.

33. On Tuesday morning, November 8, 2022, JANE DOE, in great distress, called her

mother in California and told her about the rape and everything that happened to her. JANE DOE could not bear another day at NIAGARA, and made her decision to leave school. After speaking with her mother, she walked to the pool to inform Coach BUGBY that she was leaving. Coach BUGBY refused her request to speak with him privately in his office, leaving JANE DOE being forced to tell him she was leaving while swimmers were in the pool and on the pool deck. This outrageous behavior of Coach BUGBY, who knew of her claim of being raped by a fellow swimmer, caused JANE DOE extreme anxiety, embarrassment and feelings of vulnerability. JANE DOE withdrew from classes that day, with the help of her academic advisor.

34. After informing Coach BUGBY that she was withdrawing from school, JANE DOE called Assistant Coach Delaney LaBue. Coach LaBue told her in sum and substance that she wasn't sure "why we keep him (JOHN ROE) around, we should have gotten rid of him when we had the chance." This statement by Coach LaBue illustrates her frustration over a swim program which clearly prioritizes winning over protecting the safety and well-being of female athletes.

35. On Wednesday November 9, 2022, JANE DOE was officially withdrawn from school and forfeited her swimming scholarship. At no time after the rape was reported to the Title IX Office on October 25, 2022, did JANE DOE hear anything whatsoever from the Title IX Office, the University or anyone else, about what was being done to (1) protect her from the perpetrator JOHN ROE; (2) investigate her claim; (3) make sure that she could safely attend classes, practices and team events without fear of JOHN ROE being present, and (4) take appropriate steps to prevent retaliation and intimidation by teammates. In fact, there was no communication at all until JANE DOE reached out on April 3, 2023, to inform the Title IX Office of the harassing communications from her former teammates.

36. On Monday, April 3, 2023, JANE DOE sent the following communication to Civil Rights Officer Megan Altman-Cosgrove, Title IX Coordinator, and Office for Equity & Inclusion at Niagara University:

*I have been receiving harassing phone calls and unwanted communications from my former teammates on the swim team. I have added Coach Bugby to this email, requesting that the team be addressed immediately and told him in no uncertain terms, to stop contacting me, whether it be by phone, text, in person, email, and/or social media. I am still dealing with the trauma from the event that took place back in October, and having to withdraw from school as a result. I will not be subject to further abuse.*

*It has been over five months since I made my complaint and gave you a recorded statement. To date, I have heard absolutely nothing from the university or from your office, nor have I received a transcript or copy of my statement. It is inexplicable that there has been no communication, and that I have not been notified of any action taken by the university and swim team regarding the perpetrator of the assault. The only communication that I have received has been from former teammates who have continuously harassed and threatened me since this incident became known. Please give this matter your immediate attention.*

37. In breach of their duty of care, NIAGARA negligently retained JOHN ROE, the perpetrator of the Plaintiff's rape and sexual assault, on the swim team when they knew, or should have known, of his propensity to sexually harass, assault, batter, and otherwise harm and injure vulnerable female athletes, including but not limited to their knowledge of the previous Title IX claim made against him by another female swimmer.

38. NIAGARA's deliberate indifference, before and after the sexual assault, caused the Plaintiff to be vulnerable to further harassment and intimidation by her teammates. The Plaintiff continued to receive harassing phone calls, texts, and social media messages from her former teammates from the time of the incident to as recently as April, 2023. As a result of the rape and its aftermath, the Plaintiff experienced fear, emotional anguish and anxiety, and has sought treatment for post-traumatic stress disorder, anxiety and depression, in addition to not being able to complete her education at NIAGARA and being forced to forfeit her swimming scholarship.

39. Additional negligent and careless acts and omissions of NIAGARA include but are not limited to:

    a. Failing to institute and enforce appropriate policies, procedures, rules, regulations and requirements necessary to prevent discrimination and retaliation from coaching staff and/or teammates on the basis of sex toward a student athlete.

    b. Failing to exercise reasonable care to ensure that the duty of accountability of the swim team's coaching staff for athlete safety is properly discharged;

    c. Failing to exercise reasonable care to detect when actions or behavior of a coaching staff member is detrimental to an athlete's well-being or general safety;

    d. Failing to exercise reasonable care to detect that actions or behavior of a NIAGARA University coaching staff member demonstrate noncompliance with Title IX requirements;

    e. Failing to exercise reasonable care to detect that actions or behavior of a coaching staff member, including Coach BUGBY, are negligent, unprofessional, unethical or illegal;

    f. Failing to implement and/or enforce proper policies and procedures for the

protection of their female athletes thereby fostering a culture of inappropriate male-athlete-to-female-athlete relationships;

g. Failing to exercise control over coaching staff, including BUGBY, and/or to intervene on the Plaintiff's behalf;

h. Failing, for months, to intervene to prevent the discrimination, retaliation, and harassment to the Plaintiff by her teammates and Coach BUGBY;

i. Failing to exercise reasonable care to ensure that the duty of accountability of NIAGARA coaching staff toward the athletes entrusted in their care is discharged;

j. Failing to immediately remove JOHN DOE from the swim program for the protection of Plaintiff.

40. As a direct and proximate result of the above conduct, the Plaintiff sustained damages including, without limitation, emotional distress, loss of economic opportunities, medical expenses, and other direct and consequential damages. As a result of the foregoing, the Plaintiff is entitled to damages in an amount to be determined at trial plus attorneys' fees, expenses, costs and disbursements.

## COUNT II: VIOLATION OF TITLE IX

### NEGLIGENT ADMINISTRATION OF THE TITLE IX PROGRAM

41. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42. NIAGARA was negligent in conducting the Title IX investigation relative to the Plaintiff's Complaint filed on October 25, 2022. Since that date, Plaintiff has received no communication from the Title IX Office, the University, or anyone else about what was being done to (1) protect her from the perpetrator of her rape; (2) investigate her claim; (3) make sure

that she could safely attend classes, practices and team events without fear of her rapist being present. and (4) take appropriate steps to prevent retaliation and intimidation by teammates. At the time of writing this Complaint, Plaintiff has waited approximately one year for any investigation or response to her Complaint to the IX Office.

43. On April 3, 2023, 160 days after the Title IX Complaint was filed, the Plaintiff messaged Megan Altman-Cosgrove, the Title IX Coordinator for Niagara University, about the continued inaction of the Title IX Office, continuous threatening phone calls and messages from the Plaintiff's former swim team teammates, which neither the school nor Coach BUGBY had done anything to prevent or stop her enduring trauma that had been perpetuated by the Title IX Office's inaction.

44. As a direct and proximate result of the above conduct, the Plaintiff sustained damages, including, without limitation, emotional distress, loss of economic opportunities, medical expenses, and other direct and consequential damages. As a result of the foregoing, the Plaintiff is entitled to damages in an amount to be determined at trial plus attorneys' fees, expenses, costs, and disbursements.

## COUNT III: COMMON LAW NEGLIGENCE

### NIAGARA'S NEGLIGENT HIRING, RETENTION AND SUPERVISION OF SWIM TEAM COACH ERIC BUGBY

45. The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

46. NIAGARA owed a duty of care to the Plaintiff. Such duties included, without limitation, a duty not to discriminate, to provide equal treatment and opportunities, a duty to prevent harassment on the basis of sex, a duty to protect the Plaintiff, and to otherwise ensure the safety of its female athletes, including the Plaintiff, from being sexually assaulted and harassed

by its male athletes.

47. NIAGARA breached its duties owed to the Plaintiff by failing to properly administer its Title IX program; failing to properly train its staff, including but not limited to Coach BUGBY about gender based harassment; failing to properly supervise and discipline its employees, and negligently retaining Coach BUGBY after his failure to respond to credible complaints of misconduct, sexual assault and harassment occurring in his swim team.

48. As a direct and proximate result of the above conduct, the Plaintiff sustained damages, including, without limitation, emotional distress, loss of economic opportunities, medical expenses, and other direct and consequential damages. As a result of the foregoing, the Plaintiff is entitled to damages in an amount to be determined at trial plus attorneys' fees, expenses, costs, and disbursements.

## COUNT IV:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

50. Defendant's conduct by and through its employee/agents, including, but not limited to, Coach BUGBY, who discriminated against, retaliated against, and harassed the Plaintiff, was deliberate or reckless infliction of mental suffering.

51. The months of inaction from the Title IX Office, Coach BUGBY's deliberate indifference toward and failure to stop his swim team members threatening and harassing the Plaintiff for months after the subject incident and plaintiff's withdrawal from school, and Coach BUGBY's retaliatory, discriminatory, and harassing acts toward the Plaintiff were outrageous conduct.

52. The conduct caused Plaintiff severe emotional distress. NIAGARA's conduct and

actions by and through its employee/agents, including, but not limited to, Coach BUGBY, was the direct and proximate cause of severe emotional distress to the Plaintiff.

53. As a direct and proximate result of the intentional acts of NIAGARA acting by and through its employee/agents, including but not limited to Coach BUGBY, the Plaintiff suffered mental anguish, loss of capacity for the enjoyment of life, expense of medical treatment, loss of educational opportunity, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer losses in the future as a result of the Defendant's actions.

## COUNT V: PUNITIVE DAMAGES

54. The Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

55. The above-described acts by Coach BUGBY and the Title IX Office personnel constituted reckless, willful and gross negligence by NIAGARA and its reckless indifference to the federally protected rights of the Plaintiff, in the following particulars:

"Intentional Misconduct": NIAGARA, through a prior lawsuit, *Posso v. Niagara University*, and prior Title IX complaints, had actual knowledge of the wrongfulness of the conduct by the coaching staff of the swim team, and the high probability that injury or damage to the Plaintiff would result, and despite that knowledge, intentionally enabled, condoned and permitted that conduct, resulting in injury or damage to the Plaintiff;

"Gross Negligence": NIAGARA's conduct in allowing the discrimination, retaliation and harassment of the Plaintiff by Coach BUGBY, and members of the swim team, and by employing yet failing to properly supervise Coach BUGBY, despite the known culture of sexual harassment on the swim team, and his known indifference to that culture was so reckless or

wanting in care that it constituted a conscious disregard or indifference to the life, safety or rights of the Plaintiff, who was damaged by such conduct by the Defendant and its employees/agents.

56. As a direct and proximate result of the intentional acts of NIAGARA, acting by and through its employee/agents, including, but not limited to, Coach BUGBY, the Plaintiff suffered mental anguish, loss of capacity for the enjoyment of life, incurred expense of medical treatment, loss of educational opportunity, and loss of ability to earn money. The losses are either permanent or continuing, and Plaintiff will suffer losses in the future as a result of the Defendant's actions. This reckless, willful and malicious infliction of severe harm in violation of federally protected rights entitles the Plaintiff to punitive damages in addition to any compensatory damages awarded by this Court.

WHEREFORE, Plaintiff demands judgment against the Defendant herein, in an amount of FIVE MILLION DOLLARS plus punitive damages, together with costs, interest and disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 8, 2023

ODDO & BABAT, P.C.

By: _____
David M. Oddo, Esq.
Attorneys for Plaintiff
8 West 38th Street, Suite 1002
New York, New York 10018
(212) 642-0950
File: #12572