UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

JANE DOE,

          Plaintiff,

     v.                                            23-CV-1311-LJV
                                                    DECISION & ORDER

NIAGARA UNIVERSITY,

          Defendant.

———————————————————————

On December 21, 2023, the plaintiff, Jane Doe, filed this action against the

defendant, Niagara University, for violation of Title IX of the Education Amendments of

1972, 20 U.S.C. § 1681 *et seq.*; negligence; and intentional infliction of emotional

distress.  Docket Item 5.  Doe alleges that in October 2022, when she was "a freshman

scholarship athlete on the Niagara University Swimming and Diving team," she was

"rap[ed] and sexually assault[ed]" by one of her teammates, "John Roe."  *Id.* at ¶¶ 23-

25.  And she says that Niagara University was "deliberate[ly] indifferen[t]" to that assault

as well as to the harassment she suffered at the hands of her teammates because of it.

*Id.* at 4 (capitalization, bolding, and underlining omitted); *see also id.* at ¶¶ 20-22, 27,

29, 32-39.

Doe has moved to proceed by pseudonym in this action.  Docket Item 1.  On

December 27, 2023, United States District Court Judge for the Western District of New

York John L. Sinatra, Jr., ordered that Niagara University's response to Doe's motion

was due no later than fourteen days "after its appearance in this action."[1]  Docket Item 10.  On February 6, 2024, Niagara University appeared, Docket Item 16, and on February 23, 2024, it filed an answer, Docket Item 17.  But the University did not oppose or otherwise respond to Doe's motion to proceed by pseudonym, and its time to do so now has expired.

Because the motion is unopposed and for the reasons that follow, the Court grants Doe's motion to proceed by pseudonym.

## LEGAL PRINCIPLES

In federal court, "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  "Th[at] requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).  In fact, "pseudonyms are the exception and not the rule," and the party seeking anonymity "must make a case rebutting" the "presumption of disclosure."  *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).  A plaintiff meets that burden only when "the plaintiff's interest in anonymity" outweighs "the public interest in disclosure and any prejudice to the defendant."  *Sealed Plaintiff*, 537 F.3d at 189.

The Second Circuit has provided a "non-exhaustive" list of ten factors for courts to consider when determining whether a plaintiff should be permitted to proceed under a pseudonym:

---

[1] Judge Sinatra subsequently recused himself from the case, which was reassigned to this Court.  *See* Docket Items 13 and 15.

(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of h[er] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press h[er] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose h[er] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (alterations, citations, and internal quotation marks omitted).

## DISCUSSION

After weighing the factors in *Sealed Plaintiff*, this Court concludes that Doe should be permitted to proceed by pseudonym. First, the claims here involve allegations of a "sensitive" and "personal nature." *Id.* (factor one); *see* Docket Item 5 at ¶¶ 20-40. Courts have recognized that "[a]llegations of sexual assault are paradigmatic examples of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (alternations, footnote, and internal quotation marks omitted) (collecting cases).

The second, third, and fourth factors—all of which concern the potential harm of identification—also weigh in favor of allowing Doe to proceed anonymously. Doe states that she already has been subjected to "harassment and intimidation" by her former teammates based on the claims she made against Roe. Docket Item 5 at ¶ 32. And

she argues that "[w]hat [she] has experienced on a local scale will undoubtedly escalate . . . . [i]f she is not allowed to proceed anonymously" here. Docket Item 4 at 13. So the Court finds that identifying Doe poses a possible risk to her, particularly in light of her relatively young age. *See Sealed Plaintiff*, 537 F.3d at 189 (factors two, three, and four); Docket Item 5 at ¶ 12 (noting that Doe was a college freshman in 2022 when the events alleged in the complaint occurred); *see also Doe v. New York Univ.*, 537 F. Supp. 3d 483, 496 (S.D.N.Y. 2021) (granting motion to proceed pseudonymously where the plaintiff was "[nineteen] years old and in her first year of college"). Finally, the fact that Doe's identity "has not been disclosed to the public," Docket Item 4 at 16, likewise weighs in favor of granting the motion, *see Sealed Plaintiff*, 537 F.3d at 190 (factor seven).

The remaining factors are relatively neutral.[2] Niagara University knows Doe's identity, *see* Docket Item 4 at 14; *see generally* Docket Item 17, and it has not argued that it would be prejudiced by Doe's proceeding anonymously. *See Sealed Plaintiff*, 537 F.3d at 190 (factor six). Further, at this early stage, this Court does not know whether the case presents "purely legal . . . issues." *See id.* (factor nine); *cf. Does 1-2 v. Hochul*,

---

[2] The fact that the defendant is not a government entity may weigh against allowing Doe to proceed anonymously. *See Doe v. Paychex, Inc.*, 2020 WL 219377, at *11 (D. Conn. Jan. 15, 2020) (defendant's status as "a private party[] weigh[ed] in favor of denying a request to proceed anonymously" because "[w]hile suits against the government involve no injury to the [g]overnment's reputation, suits against private parties may cause damage to their good names and reputations" (citation omitted)). Nonetheless, courts have allowed plaintiffs to proceed under a pseudonym in cases against private colleges and universities. *See, e.g.*, *Doe v. Hobart & William Smith Colleges*, 2021 WL 1062707, at *3-4 (W.D.N.Y. Mar. 19, 2021) (finding that fifth *Sealed Plaintiff* factor weighed against allowing the plaintiff to proceed anonymously but nonetheless granting motion). And as already noted, Niagara University has not opposed Doe's motion.

2022 WL 836990, at *2, *10 (E.D.N.Y. Mar. 18, 2022) (noting that "the identity of each . . . [p]laintiff[]" added "little-to-no value" when the lawsuit "rais[ed] an abstract question of law" about the facial constitutionality of a state regulation).  While there may be "alternative mechanisms for protecting the confidentiality of the plaintiff," *Sealed Plaintiff*, 537 F.3d at 190 (factor ten), that does not outweigh the factors favoring anonymity outlined above—in particular, the sensitivity of the allegations and the age of the plaintiff.  Finally, although the public has an interest in this litigation, that does not necessarily mean that the public has a similarly strong interest in learning the identities of all the individuals involved.  *See id.* (factor eight).  And the Court can always require Doe to proceed by her real name if circumstances change.  *See Doe v. Gooding*, 2021 WL 5991819, at *3 (S.D.N.Y. July 29, 2021) (granting plaintiff's motion to proceed by pseudonym "without prejudice to future objection from [d]efendant").

## CONCLUSION

For the reasons explained above, Doe's motion to proceed by pseudonym, Docket Item 1, is GRANTED.

SO ORDERED.

Dated:   April 1, 2024
         Buffalo, New York


                          */s/ Lawrence J. Vilardo*
                         LAWRENCE J. VILARDO
                         UNITED STATES DISTRICT JUDGE